GEORGE T. JONES V. THE STATE.

No. 22279. Delivered November 11, 1942.
Rehearing Denied December 16, 1942.

The opinion states the case.

*Curtis Renfro*, of Vernon, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder, punishment assessed at three years in the penitentiary.

The record is before this court without bills of exception or statement of facts. In such condition nothing is presented for review.

The judgment is affirmed.

#### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

On November 11, 1942, this judgment was affirmed, there being at that time no statement of facts in the record, and no bills of exception. It is now made to appear that the original statement of facts was filed in the trial court within the time permitted by law, after having been properly approved by the trial judge. A certificate of the clerk of the trial court shows that it was by oversight on her part that the statement of facts was not forwarded, and that such oversight was in no way to be attributed to appellant or his attorney. Notwith-

standing the statement of facts reaches this court after the expiration of the fifteen days allowed for filing of motions for rehearing we have concluded to consider the same in connection with appellant's motion for rehearing for the reason that the only question before us is a claim that the evidence is insufficient to support the judgment.

After a close examination of the statement of facts we are not in accord with appellant's contention. The evidence shows that both deceased, Ward Dodson, and appellant bore bad reputations for peace and quietude in the community in which they lived; deceased having served a term in the penitentiary for having killed a man. If appellant's testimony had been accepted by the jury it might have presented a case of self defense, but evidence for the State is to the contrary, and although the facts are somewhat confused it was the province of the jury to pick out from the maze of testimony that which they believed, and which if accepted, was sufficient to support the verdict.

Therefore, the motion for rehearing is overruled.